UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DONALD L. WOODARD, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CAUSE NO.  1:12-CV-135 WL |
| v. | ) |
| | ) |
| ALLEN COUNTY CIRCUIT COURT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Donald L. Woodard, a *pro se* plaintiff, filed a complaint pursuant to 42 U.S.C. § 1983 and an *in forma pauperis* petition. In the complaint, Mr. Woodard names eight defendants. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (ii) fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). Here, though it is clear that Mr. Woodard sincerely believes that he has been wronged, it is equally clear that there is no federal law basis for holding these defendants financially (or otherwise) liable to him. Therefore this case must be dismissed.

First, Mr. Woodward attempts to sue the Allen County Circuit Court to overturn his guilty plea. Such a claim cannot be brought in a civil rights lawsuit (such as this one) because habeas corpus is the exclusive means of challenging a state court conviction in a federal district court. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Thus, he does not state a claim against the Allen County Circuit Court.

Second, he attempts to sue the Fort Wayne Police Department for various events since 2006. It must be noted that because "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983" *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001), most of these claims are untimely. Nevertheless, the dispositive reason why Mr. Woodard does not state a claim against the Fort Wayne Police Department is because it is not a suable entity. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued.")

Third, Mr. Woodard attempts to sue the Allen County Police Department based on two different incidents. The first occurred in 2009 and is barred by the statute of limitations. The second occurred in 2010 and is not. He alleges that while he was being held in the Allen County Jail, officers "disguised themselves with odd clothing and women's nylon hosiery covering their faces." ECF 1 at 4. He alleges that they entered his locked cell, punched and kicked him, and attempted to sodomize him before shackling him in a courtroom holding cell. He does not allege, and it would not be reasonable to infer, that the Allen County Police Department has a policy or custom of having officers disguise themselves and attack inmates. "*Monell* [*v. New York City Department of Social Services*, 436 U.S. 658 (1978)] held that respondeat superior is not a ground for municipal liability under § 1983, [and that] a direct claim against a municipality [could only be] based on a policy or custom of the municipality that violates the plaintiff's constitutional rights." *Schor v. City of Chicago*, 576 F.3d 775, 779 (7th Cir. 2009). Because these events did not occur as a result of a policy or custom, Mr. Woodard does not state a claim against the Allen County Police Department.

Fourth, Mr. Woodard attempts to sue the Allen County Jail, but the jail is a building and it is not a suable entity. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Therefore Mr. Woodard cannot state a claim against the Allen County Jail.

Fifth, Mr. Woodard attempts to sue Parkview Behavior Health because he disagreed with the medications they administered to him while he was a patient there. In medical cases, the constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Disagreement with the medication decisions of a medical professional does not state a claim of deliberate indifference. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Therefore Mr. Woodard does not state a claim against Parkview Behavior Health.

Sixth, he attempts to sue Logansport State Hospital because one of its employees denied him medication and another used excessive force against him. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Because the complaint does not plausibly allege that either of these events occurred as a result of a policy or custom, Mr. Woodard does not state a claim against the Logansport State Hospital.

Seventh, he attempts to sue Dr. John Marshall for sending him to Parkview Behavior Health and Logansport State Hospital. Mr. Woodard asserts that he did not need to be hospitalized. That

may well be true, but even incompetence does not state a claim under 42 U.S.C. § 1983. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). Only deliberate indifference states a claim. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Here, it is impossible to conclude that Dr. John Marshall was deliberately indifferent based upon his decision to send Mr. Woodard to the hospital. Therefore Mr. Woodard does not state a claim against Dr. John Marshall.

Eighth, he attempts to sue his public defender, John Nimmo. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). A criminal defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). Therefore, Mr. Woodard does not state a claim against John Nimmo.

Therefore, though it is clear that Mr. Woodard sincerely believes that he has been wronged by these defendants, he nevertheless does not state a federal claim against them pursuant to 42 U.S.C. § 1983. For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

ENTERED: May 4, 2012

                                                s/William C. Lee
                                                William C. Lee, Judge
                                                United States District Court